1461    sbk/jss        /ald

**DOCKETED**
**APR 2 3 2004**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**04C 2859**

| | | |
|---|---|---|
| KERI MARKSTEINER, | ) | No.: |
| Plaintiff, | ) | |
| | ) | Judge: JUDGE FILIP |
| vs. | ) | |
| | ) | Magistrate: |
| L&D TRANSPORTATION SERVICES, | ) | |
| INC., a Corporation, and EDWARD | ) | MAGISTRATE JUDGE MASON |
| CINNAMON, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Defendants, L&D TRANSPORTATION SERVICES, INC and EDWARD CINNAMON, through their attorneys, Alton C. Haynes and Shimon B. Kahan, of Haynes, Studnicka, Kahan, O'Neill & Miller, LLC, pursuant to 28 U.S.C. Section 1441, *et seq.*, hereby remove this action from the Circuit Court of Cook County to the United States District Court, Northern District of Illinois, Eastern Division, and in support of their Notice of Removal, state as follows:

1.      On March 4, 2004, the plaintiff filed a Complaint at Law in the Circuit Court of Cook County, County Department, Law Division, with summons, attached hereto as Exhibit "A". In filing the Plaintiff's Complaint, there is no requirement in the State of Illinois Circuit Court in the Law Division of Cook County that a Plaintiff allege damages less than, equal to, or greater than $75,000.00. However, pursuant to Illinois Supreme Court Rule 222, plaintiff was required to file an affidavit as to whether it was her good faith belief that the damages that plaintiff claims exceeds $50,000.00. Illinois Procedural Law prohibits a plaintiff in actions premised on personal injury to plead a specific *ad damnum* value, except to the extent necessary to comply with rules pertaining to case assignment. 735 ILCS 5/2-604 (West 1998). This specific procedural rule frustrates the defendants' ability to determine the amount in controversy solely from a complaint. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir.1997).

2.      To comply with local rule 81(d), defendants have filed a Request to Admit to Plaintiff KERI MARKSTEINER as to plaintiff's perceived value of the case; copies of the

Request to Admit filed on April 21, 2004 are attached to this Notice of Removal as Exhibit B. The response to the Request to Admit has not yet come due and plaintiff's answer has not yet been filed. Plaintiff's medical records were produced by plaintiff's counsel to defendants' insurer, copies of which are attached as exhibit C; those records reflect claimed diagnoses of a shoulder impingement allegedly having been caused by the accident. Per plaintiff's written disclosure, it appears that total specials as of February 27, 2004 total $34,584.59 including approximately $7,000.00 for wage loss. See exhibit D.

      3.    The plaintiff is a citizen of the State of Illinois. She is domiciled in the state of Illinois. See police report, exhibit E.

      4.    Defendants L&D TRANSPORTATION SERVICES, INC and EDWARD CINNAMON are citizens of Tennessee for purposes of jurisdiction. Neither defendant is a citizen of Illinois. All defendants join in this motion. See affidavits of defendants, group exhibit F.

      5.    For the foregoing reasons, this is an action of which this District Court has original jurisdiction, pursuant to 28 U.S.C. Section 1332, because the matter in controversy exceeds the value of $75,000.00, exclusive of costs or interest and Plaintiff and the Defendants are residents and citizens of a different state. Accordingly, diversity jurisdiction exists. Therefore, the lawsuit is properly removed to this Court pursuant to 28 Section U.S.C. Section 1441 and 1446.

      6.    This Notice of Removal is and was timely filed in this Court and with this Court by the defendants. The defendant L&D was served on 3/22/04. See exhibit G. All defendants to this action join in this motion.

      7.    Plaintiff's counsel will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

      8.    A true and accurate copy of this Notice of Removal has been filed with the Clerk of the Circuit for the United States District Court, Northern District of Illinois, Eastern Division.

      WHEREFORE, Defendants L&D TRANSPORTATION SERVICES, INC and EDWARD CINNAMON by and through their attorneys, Alton C. Haynes and Shimon B. Kahan of Haynes, Studnicka, Kahan, O'Neill & Miller, LLC, pursuant to 28 U.S.C. Section 1441, *et seq.*, hereby remove this action from the Circuit Court of Cook County to this Court for further proceedings.

Respectfully submitted,

**HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC**

By: _____
Shimon B. Kahan

_____
Alton C. Haynes

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
208 South LaSalle Street
Suite 1154
Chicago, IL 60604
Tel: (312) 332-6644
ARDC # 6207172

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

KARI MARKSTEINER, formerly )
known as KARI BRIDGEWATER, )
                               )
          Plaintiff, )
                               )
        vs. )     No.
                               )              04L 002538
L & D TRANSPORTATION SERVICES, )     CALENDAR C
INC., a Corporation, and EDWARD )     P.I. MOTOR VEH.
CINNAMON, )
                               )     **Plaintiff Demands**
                               )     **a 12 Person Jury**
          Defendants. )

## COMPLAINT AT LAW

Now comes the Plaintiff, KARI MARKSTEINER, formerly known as KARI
BRIDGEWATER (hereafter referred to as "KARI MARKSTEINER"), by and through her
attorney, BRIONES, HARVEY, & TREVINO, P.C., and complaining against the
Defendants, L & D TRANSPORTATION SERVICES , INC., a corporation, and EDWARD
CINNAMON, states as follows:

### Count I (Negligence of L & D TRANSPORTATION SERVICES , INC.)

1.    That on or about September 12, 2002, and prior and subsequent thereto, the
Defendant, L & D TRANSPORTATION SERVICES , INC., was a corporation duly
authorized to and/or was transacting business in the County of Cook, State of Illinois;

2.    That on said date, the Defendant L & D TRANSPORTATION SERVICES , INC.,
owned, operated, leased, rented, managed, maintained, controlled and/or otherwise provided,
both directly and indirectly, individually and through its agents, servants, and/or employees, a
certain motor vehicle, to wit, a tractor-trailer truck, through its duly authorized agent,
servant, or employee, the Defendant, EDWARD CINNAMON, who was acting within the
scope of his agency and/or employment.

3.    That at the time and place aforesaid, said tractor-trailer truck was then and there
operated and/or controlled by Defendant, L & D TRANSPORTATION SERVICES , INC.,
and proceeded southbound along and upon Governor's Highway, approximately 200 feet
south of its intersection with Sauk Trail, in the Village of Richton Park, County of Cook,
State of Illinois;

1



4.    That at the time and place aforesaid, the Plaintiff, KARI MARKSTEINER, was operating a 1997 Ford Ranger and proceeded southbound along and upon Governor's Highway, approximately 200 feet south of its intersection with Sauk Trail, in the Village of Richton Park, County of Cook, State of Illinois;

5.    That at the stated time and place, the vehicle being operated by the Defendant L & D TRANSPORTATION SERVICES , INC., individually and by and through its agent, servant, and/or employee, collided with and struck the vehicle in which the Plaintiff, KARI MARKSTEINER, was operating;

6.    That at all times pertinent, Plaintiff, KARI MARKSTEINER, was in the exercise of ordinary care for her safety and free from contributory negligence;

7.    That at all times pertinent, it then and there became and was the duty of the Defendant, L & D TRANSPORTATION SERVICES , INC., individually and by and through its agent, servant, and/or employee, to exercise ordinary care in the ownership, operation, possession and control of the said vehicle so as not to cause injury to the Plaintiff, KARI MARKSTEINER;

8.    Notwithstanding said duty, the Defendant, L & D TRANSPORTATION SERVICES , INC., individually and by and through its agent, employee, and/or servant, negligently and carelessly committed the following acts and/or omissions:

    a.    carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangers the safety of persons or property, in violation of 625 ILCS 5/11-601;

    b.    carelessly and negligently failed to properly drive upon a roadway laned for traffic, in violation of 625 ILCS 5/11-701;

    c.    carelessly and negligently failed to make a right turn as close as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

    d.    carelessly and negligently failed to signal an intention to turn right, in violation of 625 ILCS 5/11-804;

    e.    Employed a driver who was not knowledgeable of the safety regulations as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 392.1;

    f.    Failed to require the driver to observe the regulations as required by the Federal Motor Carrier Regulations, by the Federal Motor Carrier Regulations, 49 C.F.R. § 390.11; and/or aided and abetted the violation in contravention of 49 C.F.R.§390.13 (such as by failing to have the driver file correct logs and

2

not work in excess of the maximum allowed hours required in 49 C.F.R. §395.3 and 395.8);

g.    Permitted, required and/or encouraged the driver to work in excess of the number of hours as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 395.3;

h.    Otherwise carelessly and negligently operated, managed, maintained, and controlled said vehicle.

9.    That as a direct and proximate result of one or more of these negligent acts and/or omissions, the motor vehicle owned, possessed, operated and/or controlled by the Defendant, L & D TRANSPORTATION SERVICES , INC., individually and by and through its agent, servant, and/or employee, was caused to and did strike the motor vehicle which the Plaintiff, KARI MARKSTEINER, was operating;

10.   That as a direct and proximate result, the Plaintiff, KARI MARKSTEINER, has suffered severe, extensive, and permanent injuries, both externally and internally, and was and will continue to be hindered in attending to usual duties and affairs, and has lost and in the future will lose the value of this time.  As a result of these injuries, Plaintiff has become liable for large sums of medical bills and will expend or will become liable for additional medical bills in the future.

WHEREFORE, the Plaintiff, KARI MARKSTEINER, asks judgment against the Defendant, L & D TRANSPORTATION SERVICES , INC., in a sum in excess of $50,000.00 plus applicable costs of this suit, plus any other relief the Court deems just or equitable.

## Count II (Negligence of EDWARD CINNAMON)

1.    That on or about September 12, 2002, and prior and subsequent thereto, the Defendant, L & D TRANSPORTATION SERVICES , INC., was a corporation duly authorized to and/or was transacting business in the County of Cook, State of Illinois;

2.    That on said date, the Defendant L & D TRANSPORTATION SERVICES , INC., owned, operated, leased, rented, managed, maintained, controlled and/or otherwise provided, both directly and indirectly, individually and through its agents, servants, and/or employees, a certain motor vehicle, to wit, a tractor trailer-truck, through its duly authorized agent, servant, or employee, the Defendant, EDWARD CINNAMON, who was acting within the scope of his agency and/or employment;

3.    That at the time and place aforesaid, said tractor-trailer truck was then and there operated and/or controlled by Defendant, EDWARD CINNAMON, and proceeded southbound along and upon Governor's Highway, approximately 200 feet south of its

3

intersection with Sauk Trail, in the Village of Richton Park, County of Cook, State of Illinois;

4.    That at the time and place aforesaid, the Plaintiff, KARI MARKSTEINER, was operating a 1997 Ford Ranger and proceeded southbound along and upon Governor's Highway, approximately 200 feet south of its intersection with Sauk Trail, in the Village of Richton Park, County of Cook, State of Illinois;

5.    That at the stated time and place, the vehicle being operated and/or controlled by the Defendant, EDWARD CINNAMON, collided with and struck the motor vehicle which the Plaintiff, KARI MARKSTEINER, was operating;

6.    That at all times pertinent, Plaintiff, KARI MARKSTEINER, was in the exercise of ordinary care for her safety and free from contributory negligence;

7.    That at all times pertinent, it then and there became and was the duty of the Defendant, EDWARD CINNAMON, to exercise ordinary care in the ownership, operation, possession and control of the said vehicle so as not to cause injury to the Plaintiff, KARI MARKSTEINER;

8.    Notwithstanding said duty, the Defendant, EDWARD CINNAMON, negligently and carelessly committed the following acts and/or omissions:

  a.    carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangers the safety of persons or property, in violation of 625 ILCS 5/11-601;

  b.    carelessly and negligently failed to properly drive upon a roadway laned for traffic, in violation of 625 ILCS 5/11-701;

  c.    carelessly and negligently failed to make a right turn as close as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

  d.    carelessly and negligently failed to signal an intention to turn right, in violation of 625 ILCS 5/11-804;

  e.    Failed to know the safety regulations as required by the Federal Motor Carrier Regulations, 49 C.F.R.§ 392.1;

  f.    Failed to follow the regulations as required by the Federal Motor Carrier Regulations, by the Federal Motor Carrier Regulations, 49 C.F.R. § 390.11; and/or aided and abetted the violation in contravention of 49 C.F.R.§390.13 (such as by failing to have the driver file correct logs and not work in excess

4

Case: 1:04-cv-02869 Document #: 1 Filed: 04/21/04 Page 8 of 25 PageID #:8

of the maximum allowed hours required in 49 C.F.R. §395.3 and 395.8);

g.    Worked in excess of the number of hours as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 395.3;

h.    Otherwise carelessly and negligently operated, managed, maintained, and controlled said vehicle.

9.    That as a direct and proximate result of one or more of these negligent acts and/or omissions, the motor vehicle possessed, operated and/or controlled by the Defendant, EDWARD CINNAMON, was caused to and did strike the motor vehicle which the Plaintiff, KARI MARKSTEINER, was operating;

10.    That as a direct and proximate result, the Plaintiff, KARI MARKSTEINER, has suffered severe, extensive, and permanent injuries, both externally and internally, and was and will continue to be hindered in attending to usual duties and affairs, and has lost and in the future will lose the value of this time. As a result of these injuries, Plaintiff has become liable for large sums of medical bills and will expend or will become liable for additional medical bills in the future.

WHEREFORE, the Plaintiff, KARI MARKSTEINER, asks judgment against the Defendant, EDWARD CINNAMON, in a sum in excess of $50,000.00 plus applicable costs of this suit, plus any other relief the Court deems just or equitable.

KARI MARKSTEINER

By: _____

Briones, Harvey, & Trevino, P.C.

Marc Trevino      #26077
Briones, Harvey & Trevino, P.C.
Attorney for Plaintiff
1912 Ridge Road
Homewood, IL 60430
**Phone: (708) 799-3800**
Facsimile: (708) 799-5142

5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KARI MARKSTEINER, formerly known as KARI BRIDGEWATER, )<br><br>Plaintiff, )<br><br>vs. )<br><br>L & D TRANSPORTATION SERVICES, )<br>INC., a Corporation, and EDWARD )<br>CINNAMON, )<br><br>Defendants. ) | No. |

## PLAINTIFF'S AFFIDAVIT

I, Marc Trevino, attorney for the plaintiff, KARI MARKSTEINER, state under oath that the total of money damages sought in this case exceeds $50,000.00

Further affiant sayeth nought.

_____
Marc Trevino

SUBSCRIBED and SWORN to
before me this 3 day of
March, 2004

_____
Notary Public

OFFICIAL SEAL
RONALD E. HARVEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-4-2006
#26

Marc Trevino
BRIONES, HARVEY & TREVINO, P.C.
Attorney for Plaintiff
1912 Ridge Road
Homewood, IL 60430
Phone: (708) 799-3800

## NOTICE OF ATTORNEY'S LIEN

ERO'5
153
795 457
7/11/03

TO:   Attn: Jim Kulis
       Great West Insurance Company
       P.O. Box 4555
       Bloomington, IN 47402

     You are hereby notified that the undersigned has been employed as attorney for **KARI BRIDGEWATER** the matter of a claim and cause of action against you which arose as follows:

an automobile collision which occurred on Governors Highway at/near Sauk Trail in Richton Park, Cook County, Illinois on September 12, 2002

and that my client(s) has (have) agreed to pay me for services rendered and to be rendered in the prosecution of said claim and cause of action, a legal fee as follows:

              (1/3) one third of total recovery

and that I claim a lien upon said claim and cause of action for said fee, as by statute in such case made and provided.

             BRIONES, HARVEY, TREVINO & CRUZ, P.C.
             Attorney for Claimant
             1912 Ridge Road
             Homewood, IL 60430
             (708) 799-3800

### PROOF OF SERVICE

STATE OF ILLINOIS )
             ) SS
COUNTY OF COOK)

     The undersigned on oath state: I served the above Notice of Attorney's Lien on each party to whom it is directed by placing a true copy of the same in an envelope addressed to each of said parties with proper postage thereon and depositing the same in the United States mail, as certified mail, on the date of notarization hereof.

Subscribed and sworn to before me
this 11th day of July, 2003.

_____
Notary Public

OFFICIAL SEAL
NINA ROSE GARCIA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-28-2006

2120 - Served                 2121 - Served
2220 - Not Served             2221 - Not Served
2320 - Served By Mail         2321 - Served by Mail
2420 - Served by Publication  2421 - Served by Publication
SUMMONS                       ALIAS - SUMMONS          (Rev.12/22/92) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KARI MARKSTEINER, formerly      )
known as KARI BRIDGEWATER,      )
                                )
                 Plaintiff,     )
                                )
        vs.                     )      No.        04L 002538
                                )                 CALENDAR C
L & D TRANSPORTATION SERVICES,  )      **Please Serve:**    P.I. MOTOR VEH.
INC., a Corporation, and EDWARD )      **David Jones, Owner**
CINNAMON,                       )      **L & D Transportation Services, Inc.**
                                )      **1300 Everett Road**
                 Defendants.    )      **Knoxville, TN  37932**

### SUMMONS

To each defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801 _____, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____ MAR 04 2004 2004

_____
Clerk of Court

Name: Briones,Harvey & Trevino, P.C.     Date of service: 3/22 ,2004
Attorney for Plaintiff                   (To be inserted by officer on copy left with
Address: 1912 Ridge Road                 defendant or other person)
City: Homewood, IL  60430
Telephone: (708) 799-3800                DOROTHY BROWN
Atty. No.: 26077                         CLERK OF CIRCUIT 2004
**Service by Facsimile Transmission will be accepted at _____
                              (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

1461 ach/sbk        /ald                                              #38836

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KERI MARKSTEINER,                    )
                                     )        No.:
            Plaintiff,               )
                                     )
vs.                                  )
                                     )
L&D TRANSPORTATION SERVICES,         )
INC., a Corporation, and EDWARD      )
CINNAMON,                            )
                                     )
            Defendants.              )

### THE DEFENDANTS L&D TRANSPORTATION SERVICES, IN AND EDWARD CINNAMON'S REQUEST TO ADMIT TO THE PLAINTIFF

You are hereby requested to respond to the following Request to Admit within 28 days of

the filing of same:

1.      The compensation for damages arising out of the above action that I seek exceeds

$75,000.

Admit or Deny:

2.      It is my good faith belief that the compensation to which I am entitled to in this

action is greater than $75,000.

Admit or Deny:

3.      I am a resident of the State of Illinois.

Admit or Deny:

4.      I am domiciled in the State of Illinois.

Admit or Deny:

5.      I am a citizen of the State of Illinois.


EXHIBIT
B

<u>Admit or Deny</u>:


_____

KERI MARKSTEINER


HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendants
208 South LaSalle Street
Suite 1154
Chicago, IL  60604
38836

**EBO 9**

St. James Hosp-Hlth Ctr
Olympia Fields, IL 60461
Radiology
708-747-4000

| Name: | BRIDGEWATER, KARI | Sex: | F |
|---|---|---|---|
| MRN: | 0341784179 | DOB: | 05/16/1977 |
| Ordering Physician: | SETTECASE, MICHAEL | Radiology Order#: | 90001 |
| Attending Physician: | SETTECASE, MICHAEL | Pt. Type: | O |
| Prim. Care Physician: | SETTECASE, MICHAEL | Room #: | - |
| | | Pt. Acct. #: | 0022096894 |

***Final Report***

**Exam:** MRI U/EXT JT WO RT 73221
**Exam Date:** Apr 25 2003 1:55PM

**Admitting Diagnosis:** TRAUMA TO SHOULDER RT

**Clinical History:**
Trauma to the right shoulder. Limited range of motion.

**Result:**
MRI of the right shoulder shows GOOD delineation of the rotator cuff tendon and supraspinatus muscles showing isolated areas of the left bursal surface of the tendon posteriorly consistent with a partial thickness tear. No retraction of the muscle and tendon demonstrated on the study. The biceps tendon, subscapularis muscle and tendon are normal in sizes with no tears, retractions or edema. The biceps tendon extends through the bicipital groove with insertion of the spinoglenoid notch. The superior and inferior glenoid labra are normal. No marrow changes or trabecula fractures are identified on this study. There is no evidence of joint impingement.

**Impression:**
Partial thickness TEAR of the bursal surface of the rotator cuff tendon, laterally and posteriorly. No retraction of the muscle or tendon demonstrated.
Remainder of MRI examination of the right shoulder is unremarkable.

JOB # 364319

Read by: RICHARD GREEN M.D.

Electronically signed by:
GREEN M.D., RICHARD

F4S
t: Apr 25 2003 8:33P
f: Apr 28 2003 3:17P

BRIDGEWATER, KARI       MRN: 0341784179   Exam: MRI U/EXT JT WO RT 73221

Page 1 of 1                                ***Final Report***


EXHIBIT
C

Case: 1:04-cv-02859 Document #: 1 Filed: 04/21/04 Page 15 of 25 PageID #:15

Feb. 24. 2004 11:28AM   Medical Records Assn 7087997693           No. 4978   P. 2/9
                                                                            Page 1 of 6
Selected Results - Advocate South Suburban Hospital

**Selected Results**
02/09/2004 05:28 PM

Advocate South Suburban Hospital
17800 South Kedzie Avenue, Hazel Crest, IL 60429
(708) 799-8000

| Patient Name | MRN | Date of Birth | Sex | Phone Number |
|---|---|---|---|---|
| MARKSTEINER, KARI | 000505137 | 05/16/1977 | F | (708)534-0412 |

| Patient Name | Dictated By | | | |
|---|---|---|---|---|
| MARKSTEINER, KARI (000505137) | H. NALLAPAREDDY, M.D. | | | |

| Description | Date | Session ID | Location | Status | |
|---|---|---|---|---|---|
| Operative Report | 10/23/2003 21:34 | 234545 | | Prelim | Clinical Data |

DATE OF SURGERY:      October 23, 2003

SURGEON:              H NALLAPAREDDY

ASSISTANT:           JIM HOUSTON


PREOPERATIVE DIAGNOSIS
1. Partial tear rotator cuff right shoulder.
2. Grade 2 sprain right AC joint with persistent pain.

POSTOPERATIVE DIAPOSTOPEPOSTOPERATIVE
1. Partial tear rotator cuff right shoulder.
2. Grade 2 sprain right AC joint with persistent pain.

OPERATION
1. Arthroscopy right shoulder.
2. Partial acromionectomy and acromioplasty right shoulder with exploration of rotator cuff.
3. Resection outer end right clavicle.

TECHNIQUE
After endotracheal anesthesia the patient was placed on the operating table in beachchair position. The right shoulder was examined for instability. No instability was noted and was put through full range of motion. There was no resistance to range of motion. No evidence of adhesive capsulitis was noted. The right shoulder and upper extremity were scrubbed with Betadine, painted with Betadine and draped in the routine fashion. Using posterior portal, arthroscope was inserted into the shoulder joint. Anterior portal was established inside out and a large cannula was inserted through this portal. Examination of the biceps tendon revealed that the biceps tendon was intact. The rotator cuff was intact on the articular site and no evidence of any tear was noted. The articular cartilage of the humeral head was intact. The glenoid labrum and glenohumeral ligaments were intact. There was no evidence of any slap lesion and no loose bodies were noted. This concluded the arthroscopic portion of the surgery.

A linear incision about 3 inches long was made starting from the posterior aspect of the AC joint, extended anteriorly incorporating the anterior portal. Incision was carried down through skin and subcutaneous tissue. Hemostasis was achieved with cautery. The capsule of the AC joint was incised and then distally this was extended by splitting the deltoid muscle fibers in the direction towards the axilla. The lateral end of the clavicle was exposed by means of a T-shaped incision in the periosteal capsular area. Periosteal capsular flaps were elevated anteriorly and posteriorly exposing the lateral end of the clavicle. About 8-mm length of the distal end of the clavicle was

osteotomized using the oscillating saw and excised by sharp dissection leaving
the periosteal capsular structures intact.  Now the deltoid muscle was split.
The coracoacromial ligament was released and the anterolateral portion of the
acromion was exposed by sharp subperiosteal dissection preserving periosteal

fascial layer attaching to the acromion.  Now the portion of the acromion
anterior to the clavicle was excised by using the oscillating saw and a wedge
of bone was removed from the anterior inferior aspect of the acromion.  The
undersurface of the acromion was smoothened out using a wide rasp.
Impingement test was performed.  No impingement was noted.  Now there were
noted to be a lot of adhesions between the rotator cuff and bursa.  The bursal
tissue was dissected free from the rotator cuff and the rotator cuff was
explored for any tears.  There was only a partial tear involving the
supraspinatus.  Otherwise the rotator cuff was intact.  Since the articular
site was intact and only a thin portion of bursal side was involved, this did
not require any repair.  This concluded the open procedure.  Now the wound was
thoroughly irrigated with normal saline.  Now the periosteal capsular layer
and deltoid aponeurosis were anatomically repaired using multiple O Ethibond
interrupted sutures.  The deltoid muscle fibers were approximated with 2-0
Vicryl continuous sutures.  Sub-q was closed with 2-0 Vicryl interrupted
sutures, skin with 4-0 nylon continuous sutures.  Arthroscopy portal was
closed with 4-0-nylon suture.  Wound margins were infiltrated prior to closure
with 0.5% Marcaine with epinephrine.  Sterile bulky dressings were applied.
The right arm was placed in a sling.  The patient tolerated the procedure
well.  Left the operating room in good condition.

H. NALLAPAREDDY, M.D.

HN/nab
DD: 10/23/2003 21:34:27   DT: 10/24/2003 06:51:46


552929

THIS FAX IS CONFIDENTIAL
This fax is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information.  If you are not
the intended recipient of this fax, you are hereby notified that any
dissemination, distribution or copying of this fax is strictly prohibited.  If
you have received this fax in error, please immediately notify our office at
ext. 3075 at the above number and destroy the fax that you have received.

CC:
PETER J. IAGMIN, M.D., ATTENDING DOCTOR


Above report belongs to MARKSTEINER, KARI (000505137)

| Patient Name | Dictated By | | | |
|---|---|---|---|---|
| MARKSTEINER, KARI (000505137) | H. NALLAPAREDDY, M.D. | | | |
| Description | Date | Session ID | Location | Status |
| Consultation | 10/23/2003 07:57 | 234203 | | Prelim   Clinical Data |

CONSULTING PHYSICIAN:    H NALLAPAREDDY

REFERRING PHYSICIAN:     PETER IAGMIN

DATE OF CONSULTATION:    09/05/2003

CHIEF COMPLAINT
Pain, weakness, clicking, limited range of motion of right shoulder ever since
an accident on September 13, 2002.

HISTORY OF PRESENT ILLNESS
This 26-year-old white female, a right-handed hairdresser, was in an
automobile accident on September 13, 2002, where she was driving a pickup
truck on a local road in the right lane and a semi-truck cut across the lane
from the left lane and hit her truck on the driver's side, denting her door as
well as the side of the truck. Following that accident, the pickup truck
rolled over and they had to cut the top of the truck to get the patient out of
the truck. Following the accident, she was taken to Olympia Fields Hospital
Emergency Room. She has severe pain in the right shoulder. She also had a lot
of pain in the region of the right AC joint. Following the accident, she was
given pain medications and muscle relaxants and she had seen Dr. Sattecase,
who manipulated her neck and gave muscle relaxants and pain pills. Recently
she was seen by Dr. Iagmin and an MRI was obtained of her shoulder and pain
was seen by me on September 5, 2003 and examination of right shoulder revealed
findings consistent with internal derangement, possible partial tear of the
rotator cuff, possible torn glenoid labrum and grade II sprain of right AC
joint with persistent pain. The patient was explained about condition and
recommended arthroscopic surgery with the possible debridement versus fixation
of labral tear, if there is such a tear, and assess the rotator cuff and open
resection of outer end of clavicle, partial acromionectomy, acromioplasty and
possible repair of torn rotator cuff, if the partial thickness tear is a
significantly thick tear. Surgery complications and postop course and limited
expectations were explained to the patient and she is then scheduled for same
on October 23, 2003. The patient denies any problems with the shoulder prior
to the accident. Patient returned to work about 3 weeks post-accident. She
continues to have pain in the anterolateral aspect of the right shoulder. This
is a sharp, throbbing pain and any reaching with right arm, especially to the
side, is painful. She also gets pain with grinding sensation in the shoulder
with certain motions.

PAST MEDICAL HISTORY
The patient is in good health.

CURRENT MEDICATIONS
Darvocet twice a day. Xanax, <_____> and birth control pills.

ALLERGIES
Aspirin and ibuprofen.

PERSONAL HISTORY

The patient smokes about a pack of cigarettes per day. She drinks socially.
SYSTEMIC REVIEW
Nil abnormal. Also, pertaining to the shoulder, she had a steroid injection of
right AC joint with no pain relief for any length of time.

PHYSICAL EXAMINATION
Examination revealed that the patient is alert, well oriented. She is 6 feet
tall and weighs 230 pounds. Examination of cervical spine reveals full range

of motion. Spurling test: Negative. Examination of right shoulder revealed
moderate tenderness over the AC joint. Moderate tenderness over the
anterolateral aspect of rotator cuff along the anterior and posterior joint
line. Active range of motion: Flexion 80 degrees, abduction 70 degrees.
Internal rotation: Reaches right thumb to right sacroiliac joint area.
Adduction was moderately limited by pain. No instability noted. Passive range
of motion slightly better than active range of motion. Muscle power of
external rotation: 5-/5. Abduction past 40 degrees is weak, 4+. O'Brien test
is positive, 3+ positive. Impingement test: Positive at 60 degrees. X-rays of
right shoulder reveals some widening of the AC joint with irregularity of the
lateral end of the articular surface of clavicle attached to acromion. No os
acromiale was noted. MRI of right shoulder revealed partial tear off the
bursal side of the rotator cuff.

DIAGNOSIS
Internal derangement, right shoulder, possible partial tear of rotator cuff,
possible torn glenoid labrum, and grade II sprain of right AC joint with
persistent pain of AC joint.


RECOMMENDATIONS
As mentioned above, the patient is scheduled for above-mentioned surgery,
after discussing surgery complications and postop course and limited
expectations with the patient.

Thanks for the consultation.



H. NALLAPAREDDY, M.D.

HN/ksl
DD: 10/23/2003 07:57:24  DT: 10/23/2003 08:37:32


552412

THIS FAX IS CONFIDENTIAL
This fax is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information.  If you are not

the intended recipient of this fax, you are hereby notified that any
dissemination, distribution or copying of this fax is strictly prohibited.  If
you have received this fax in error, please immediately notify our office at
ext. 3075 at the above number and destroy the fax that you have received.

CC:
PETER J. IAGMIN, M.D., ATTENDING DOCTOR


Above report belongs to MARKSTEINER, KARI (000505137)

**Patient Name**              **Dictated By**
MARKSTEINER, KARI            PETER J. IAGMIN, M.D.

*146* EEO 9

*(795457)*
112
2-27-04

## PLAINTIFF KARI BRIDGEWATER-MARKSTEINER
## INITIAL SUMMARY OF SPECIALS

| Medical Providers | Dates of Service | Bill Amount |
|---|---|---|
| Richton Park Fire Dept.<br>4455 Sauk Trail<br>Richton Park, IL 60471 | (09/12/02)<br>-ambulance | $694.00 |
| St. James-Olympia Fields Hospital<br>20201 S. Crawford Avenue<br>Olympia Fields, IL 60461 | (09/12/02)-E.R.<br>(09/18/02)-RT shoulder x-rays | $674.19<br>$120.00 |
| Excel LLC Olympia Fields<br>6540 Reliable Parkway<br>Chicago, IL 60686 | (09/12/02)<br>-E.R. physician's bill | $234.00 |
| Dr. Fuggett, Dr. Settecase, Dr. Davis<br>Midwest Physician's Center<br>20303 South Crawford Ave.-2nd Floor<br>Olympia Fields, IL 60461 | (09/18/02-07/14/03)<br>-office exams<br>-physical therapy | $2,110.00 |
| St. James Hospital<br>1423 Chicago Road<br>Chicago Heights, IL 60411 | (04/25/03)<br>-RT shoulder MRI | $1,031.00 |
| Dr. N.H. Reddy<br>Southland Bone & Joint Institute<br>20060 Governors Drive, Suite 300<br>Olympia Fields, IL 60461 | (09/05/03-present)<br>-performed surgery 10/23/03 | $8,891.00+ |
| Advocate So. Suburban Hospital<br>17800 S. Kedzie Ave.<br>Hazel Crest, IL 60429 | (10/23/03-10/24/03)-surgery<br>(10/17/03)-labs<br>(10/02/03)-ultrasound | $11,865.40<br>$567.00<br>$1,001.00 |
| Physical Therapy Dept.<br>Advocate So. Suburban Hospital<br>17800 S. Kedzie Ave.<br>Hazel Crest, IL 60429 | (11/20/03-present)<br>-physical therapy | $362.00+ |
| Approximate Lost Wages ($335.00/week)<br>Great Clips for Hair<br>3224 Vollmer Road<br>Olympia Fields, IL 60416 | (09/13/02-09/28/02)<br>(10/23/03-present) | $670.00<br>$6,365.00+ |

**TOTAL SPECIALS TO DATE:**   $34,584.59+



EXHIBIT

D

# ILLINOIS TRAFFIC CRASH REPORT

*P1201*

EXHIBIT

E

1461    sbk/jss    /ald                                                          38836

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KERI MARKSTEINER,                    )
                                     )    No.:
        Plaintiff,                   )
                                     )    Judge:
vs.                                  )
                                     )    Magistrate:
L&D TRANSPORTATION SERVICES,         )
INC., a Corporation, and EDWARD      )
CINNAMON,                            )
                                     )
        Defendants.                  )

### AFFIDAVIT OF L&D TRANSPORTATION SERVICES

L&D TRANSPORTATION SERVICES, under oath, states as follows:

1.    The location of the corporation is 1300 Everett Road, Knoxville, Tennessee 37932.

2.    L&D Transportation Services, Inc. is incorporated in the State of Tennessee, and it was and is a corporate resident of Tennessee, domiciled in Tennessee, has its principle place of business in Tennessee, and is a citizen of Tennessee.

3.    L&D Transportation Services, Inc. does not own any property in Illinois.  L&D Transportation Services, Inc. is not a corporate citizen of Illinois.

FURTHER AFFIANT SAYETH NOT.

_Melinda Gathers_, on behalf of L&D Transportation Services

### CERTIFICATION

Under penalties as provided by law pursuant to Section, 1-109 of the Code of Civil Procedures, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Melinda Gathers, for L&D Transportation Services



1461    sbk/jss    /ald                                                          38836

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KERI MARKSTEINER,              )
      Plaintiff,          )      No.:
                          )
vs.                            )      Judge:
                          )
L&D TRANSPORTATION SERVICES,   )      Magistrate:
INC., a Corporation, and EDWARD )
CINNAMON,                      )
                          )
      Defendants.          )

### AFFIDAVIT OF EDWARD CINNAMON

EDWARD CINNAMON, under oath, states as follows:

1.   My name is Edward Cinnamon and I am an adult over the age of 21 years of age.

2.   If I were in court, I would testify to the following as true and accurate.

3.   I reside within, am domiciled within, and I am a citizen of Tennessee. I am not a citizen or resident of Illinois. I am not domiciled in Illinois.

FURTHER AFFIANT SAYETH NOT.

_Edward Cinnamon_
EDWARD CINNAMON

### CERTIFICATION

Under penalties as provided by law pursuant to Section, 1-109 of the Code of Civil Procedures, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_Edward Cinnamon_
EDWARD CINNAMON

**EXHIBIT**
Group F

03/23/04 14:19:02 → 3123326655 Page 009

MAR-23-2004 TUE 08:40 AM L AND D TRANSPORTATION    FAX NO. 8858908316    P. 02

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served by Mail |
| 2420 – Served by Publication | 2421 – Served by Publication |
| SUMMONS | ALIAS – SUMMONS    (Rev.12/22/92) CCG-1 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

KARI MARKSTEINER, formerly )
known as KARI BRIDGEWATER, )
                            )
            Plaintiff, )
                            )
           vs. )   No.        04L 002538
                            )                CALENDAR C
L & D TRANSPORTATION SERVICES, )
INC., a Corporation, and EDWARD )  **Please Serve:**  P.I. MOTOR VEH.
CINNAMON, )  David Jones, Owner
                            )  L & D Transportation Services, Inc.
           Defendants. )  1300 Everett Road
                            )  Knoxville, TN  37932

### SUMMONS

To each defendant:

     **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801                    , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____ MAR 04 2004 2004

_____
Clerk of Court

Name: Briones,Harvey & Trevino, P.C.    Date of service: 3/22, 2004
Attorney for Plaintiff                     (To be inserted by officer on copy left with
**Address: 1912 Ridge Road**                    defendant or other person)
**City: Homewood, IL  60430**
Telephone: (708) 799-3800
**Atty. No.: 26077**          DOROTHY BROWN
**Service by facsimile transmission will be accepted at** _____ CLERK OF CIRCUIT
                       (Area Code) (Facsimile Telephone Number)

     **DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

***Law Division Room 801**
**Chancery-Divorce Room 802**
**County Division Room 801**
**Probate Division Room 1202**



EXHIBIT
a

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

**DOCKETED APR 2 3 2004**

**04C 2859**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**JUDGE FILIP**

**MAGISTRATE JUDGE MASON**

**Plaintiff(s): Keri Marksteiner**

County of Residence: Illinois

Plaintiff's Atty:  Mr. Mark Trevino
Briones Harvey & Trevino
1912 Ridge Road
Homewood, IL 60430
708-799-3800

**Defendant(s): L&D Transportation Services, Inc. and Edward Cinnamon**

County of Residence: Tennessee

Defendant's Atty:  Haynes, Studnicka, Kahan, O'Neill & Miller, LLC
208 South LaSalle, IL 60604
312-332-6644

II. Basis of Jurisdiction:  **4. Diversity (complete item III)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
Plaintiff:- **1 Citizen of This State**
Defendant:- **2 Citizen of Another State**

IV. Origin :  **2. Removed From State Court**

V. Nature of Suit:  **350 Motor Vehicle**

VI. Cause of Action:  **Removed to this Court pursuant to 28 USC Section 1441 with diversity jurisdiction under 28 USC Section 1332**

VII. Requested in Complaint
Class Action:
Dollar Demand: **> $75,000**
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: ___4/8/04___

Revised: 06/28/00



1461   sbk   /ald

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**In the Matter of:** Keri Marksteiner v. L&D Transportation and Services, Inc. and Edward Cinnamon

### Case Number: 04C 2859

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

L&D Transportation and Services, Inc. and Edward Cinnamon

JUDGE FILIP

*Defendants*

MAGISTRATE JUDGE MASON

| (A) | (B) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** <br> Alton C. Haynes | **NAME** <br> Shimon B. Kahan |
| **FIRM** <br> Haynes, Studnicka, Kahan, O'Neill & Miller, LLC | **FIRM** <br> Haynes, Studnicka, Kahan, O'Neill & Miller, LLC |
| **STREET ADDRESS** <br> 208 S. LaSalle Street, Suite 1154 | **STREET ADDRESS** <br> 208 South LaSalle Street, Suite 1154 |
| **CITY/STATE/ZIP** <br> Chicago, IL 60604 | **CITY/STATE/ZIP** <br> Chicago, IL 60604 |
| **TELEPHONE NUMBER** <br> 312-332-6644 | **TELEPHONE NUMBER** <br> 312-332-6644 |
| **IDENTIFICATION NUMBER** <br> 3127996 | **IDENTIFICATION NUMBER** <br> 6207172 |
| **MEMBER OF TRIAL BAR?**      YES | **MEMBER OF TRIAL BAR?**      YES |
| **TRIAL ATTORNEY?**      YES | **TRIAL ATTORNEY?**      YES |
| **DESIGNATED AS LOCAL COUNSEL?**      YES    NO | **DESIGNATED AS LOCAL COUNSEL?**      YES    NO |
| (C) | (D) |
| **SIGNATURE** | **SIGNATURE** |
| **NAME** <br> Joshua S. Singewald | **NAME** |
| **FIRM** <br> Haynes, Studnicka, Kahan, O'Neill & Miller, LLC | **FIRM** |
| **STREET ADDRESS** <br> 208 S. LaSalle Street, Suite 1154 | **STREET ADDRESS** |
| **CITY/STATE/ZIP** <br> Chicago, IL 60604 | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** <br> 312-332-6644 | **TELEPHONE NUMBER** |
| **IDENTIFICATION NUMBER** <br> 6270625 | **IDENTIFICATION NUMBER** |
| **MEMBER OF TRIAL BAR?**      YES    (NO) | **MEMBER OF TRIAL BAR?**      YES    NO |
| **TRIAL ATTORNEY?**      YES    (NO) | **TRIAL ATTORNEY?**      YES    NO |
| **DESIGNATED AS LOCAL COUNSEL?**      YES    (NO) | **DESIGNATED AS LOCAL COUNSEL?**      YES    NO |

DOCKETED APR 2 3 2004

FILED-EDA

